UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 16-10359-RWZ

UNITED STATES OF AMERICA

v.

TINA MAYNARD

ORDER

April 19, 2019

ZOBEL, S. D.J.

Both parties have filed motions in limine. Following are the court's rulings as to those that are ripe.

I. **Government's Motions**

- The motion to exclude the introduction of family photos (Docket # 136) is DENIED, although the court reserves the right to limit the number of such photographs as the trial progresses.

- The motion to exclude evidence of Special Agent Jason Donnelly's decision not to interview Edward Maynard (Docket # 137) is ALLOWED IN PART and DENIED IN PART. Defendant may question Special Agent Donnelly regarding the thoroughness of his investigation and the identity of those he interviewed. Defendant may not invite the jury to speculate as to what Edward Maynard would have said had Special Agent Donnelly interviewed him.

- The motion to exclude records of joint bank accounts maintained by defendant's father and mother and any reference to such accounts (Docket # 138) is reserved to the trial when the court, hopefully, will be better positioned to determine the records' relevance.

- The motion to exclude evidence of the Social Security Administration's Program Operations Manual System (POMS) and argument mischaracterizing defendant's administrative rights (Docket # 142) is ALLOWED. Defendant's assertion that the Social Security Administration denied her the opportunity to contest the overpayment determination administratively is irrelevant to the instant prosecution.

- The motion to limit testimony of defendant's expert witness, Dr. Clionsky, (Docket # 143) is ALLOWED. Because defendant is not asserting an incompetency defense, expert testimony regarding her history of abuse by her mother is improper. Moreover, testimony regarding defendant's interactions with the Massachusetts Department of Social Services is irrelevant (although the court notes that the government elicited such testimony on cross-examination in the first trial).

- The motion to preclude reference to defendant's May 29, 2015, statement to Special Agent Jason Donnelly (Docket # 144) is ALLOWED. Defendant's written statement describes her past actions and beliefs and does not fit within Fed. R. Evid. 803(3)'s hearsay exception.

II. **Defendant's Motions**

- For the same reason that the government's motion to preclude reference to defendant's May 29, 2015, statement to Special Agent Jason Donnelly (Docket # 144) is ALLOWED, defendant's motion to admit that statement (Docket # 168) is DENIED.

- The motion to prevent the government from speculating as to defendant's knowledge of Gail Manemanus' report to the Social Security Administration (Docket # 169) is DENIED AS MOOT in light of the government's representation that it will not present testimony or evidence on this topic.

- The motion to limit the testimony of government witnesses Mark Smith and Susan Bonenfant (Docket # 170) is deferred to the trial when the court is better positioned to evaluate counsel's questions and the scope of each witness's testimony.

April 19, 2019
Date

Rya W. Zobel
Senior United States District Judge